# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# TEXARKANA DIVISION

| | | |
|---|---|---|
| JOE BILL GANAWAY § | | |
| **Plaintiff** § | | |
| § | | |
| vs. § | NO. _____ | |
| § | | |
| CLEVELAND ARTHUR BATTE and § | | |
| CLEVE BATTE CONSTRUCTION, INC. § | | |
| **Defendants** § | **JURY DEMANDED** | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

Joe Bill Ganaway files this Complaint and in support thereof, respectfully shows the Court as follows:

### A.  PARTIES

1. Plaintiff is an individual residing in Texarkana, Bowie County, Texas.

2. Defendant, Cleveland Arthur Batte is a resident of Fouke, Miller County, Arkansas and is therefore a citizen of Arkansas pursuant to 28 U.S.C. § 1332.  Defendant Cleveland Arthur Batte may be served with process at his residence, 5223 Miller County Road 505, Fouke, Arkansas 71837.

3. Defendant, Cleve Batte Construction, Inc. is an Arkansas corporation with its principal place of business in Arkansas which may be served through its agent for process, Mr. Cleve Batte, at his address of Rt. 2 Box 19, Fouke, Arkansas 71837.

### B.  JURISDICTION

4. This court has jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because

there is complete diversity of citizenship as this case involves an action between citizens of different states and the amount in controversy exceeds the sum of Seventy Five Thousand Dollars ($75,000), excluding interest and costs.

### C. VENUE

6. Venue is proper in the Eastern District of Texas, Texarkana Division, pursuant to 28 U.S.C. § 1391 in that the injury made the basis of this suit occurred due to an accident involving motor vehicles that occurred in Bowie County, Texas.

### D. FACTS

7. On the evening of Sunday, August 16, 2015, at approximately 8:46 p.m., Plaintiff Joe Bill Ganaway was returning home to Bowie County, Texas after spending the afternoon and early evening hours with friends and acquaintances near Ashdown, Little River County, Arkansas. Mr. Ganaway was southbound on U.S. Highway 59 and had crossed south of the Red River, and so, was traveling in an area where, generally speaking, the northbound lanes of U.S. 59 are located in the state of Arkansas, while the southbound lanes of travel are located in the state of Texas.

8. At approximately 8:46 p.m., Defendant Cleveland Arthur Batte was operating a Case Construction King tractor and was pulling two separate units of construction equipment known as "pull scrapers", manufactured by Reynolds Manufacturing Company and owned by Cleve Batte Construction, Inc. Cleveland Arthur Batte was acting within the course and scope of his employment with Cleve Batte Construction, Inc. at the time of this incident. The pull scrapers being towed by the Case tractor operated by Cleveland Arthur Batte have a transport width of 187 inches, and so, were greatly overwidth. The pull scrapers were partially on the improved shoulder; however, due to being over 15 feet wide, the scrapers extended several feet into the designated lane of traffic

which had a posted speed limit of 75 miles per hour.

9. Plaintiff Joe Bill Ganaway was traveling in a reasonable, prudent manner and within the posted speed limit when without notice, his vehicle struck Defendant's scraper which was being towed during nighttime hours without taillights or reflectors so as to create an unreasonably dangerous obstruction in the roadway.

10. As a direct and proximate cause of the collision, Plaintiff suffered severe personal injuries. He was transported by air ambulance to a medical specialty center in Dallas, Texas where he remained for several weeks. Plaintiff's injuries included debilitating broken bones as well as numerous lacerations and contusions.

### E.  VICARIOUS LIABILITY - RESPONDENT SUPERIOR

11. In this Complaint, where it is alleged that Defendants did any act or thing, it is meant that Defendants, officers, agents, servants, employees or representatives did such act or thing, that at the time of such act or thing, that at the time such act or thing was done, it was done with the full authorization or ratification of the Defendants and/or was done in the normal and routine course and scope of employment of Defendants' officers, agents, servants, employees or representatives.

### F.  CAUSE OF ACTION: NEGLIGENCE

12. Defendants owed a legal duty to Plaintiff to act as would a reasonable and prudent person act under similar circumstances.

13. Defendant Cleveland Arthur Batte was guilty of various acts and/or omissions, each of which individually or in combination, constituted negligence, including, but not limited to the following:

    a. Operating an overwidth vehicle on U.S. Highway 59 when unsafe to do so;

  b.  Operating a slow-moving vehicle on a dark highway when unsafe to do so;

  c.  Operating a slow-moving vehicle without a required slow-moving vehicle emblem;

  d.  Operating a vehicle without reflectors;

  e.  Operating a vehicle without activated tail lights;

  f.  Failing to warn motorists of the highway of the obstruction in the lane of travel created by the tractor and scrapers;

  g.  Failing to have a flagman or pilot car so as to warn of a slow-moving vehicle without lights on the dark highway;

  h.  Failing to exercise ordinary care for his own safety ad for the safety of others using the roadway;

  i.  Failing to take proper evasive action to avoid collision by moving to the right;

  j.  failure to yield right of way, and

  k.  other acts of negligence to be discovered and shown at trial.

 14. Defendant Cleve Batte Construction, Inc. was guilty of various acts and/or omissions, of which each individually or in combination constituted negligence, including but not limited to the following:

  a.  Failing to properly instruct its driver concerning applicable state and federal laws, rules and regulations;

  b.  Failing to properly train and supervise its driver;

  c.  Failing to use ordinary care given the conditions existing including, but not limited to the lighting conditions and the width of the equipment;

    d.    Failing to cause the tractor and/or pull scrapers to be properly and adequately equipped and/or maintained

    e.    Failing to have a flag man or escort vehicle so as to warn of a slow moving, overwidth vehicle without lights on the dark highway;

    f.    other acts of negligence to be discovered and shown at trial.

15.    Defendants' breaches of duty proximately caused the accident and the resulting severe injuries.

### G. CAUSE OF ACTION: NEGLIGENCE PER SE

16.    Defendants were guilty of various violations of both Texas and Arkansas traffic and transportation laws which constituted negligence per se, including, but not limited to:

    a.    Arkansas Code 27-36-215 (tail lamps and reflectors required);

    b.    Arkansas Code 27-36-218 (tail lamps on trailers required);

    c.    Arkansas Code 27-36-219 (tail lamps on farm tractors and equipment);

    d.    Arkansas Code 27-35-206 (maximum width 102 inches);

    e.    Texas Transportation Code § 547.004 (requirements for slow moving vehicle);

    f.    Texas Transportation Code § 547.302 (duty to display lights at nighttime);

    g.    Texas Transportation Code § 547.322 (tail lamps required);

    h.    Texas Transportation Code § 547.325 (reflectors required);

    i.    Texas Transportation Code § 547.326 (minimum lighting equipment required);

    j.    Texas Transportation Code § 547.703 (required equipment for slow-moving

vehicles), and

    k.    Texas Transportation Code § 621.201 (maximum width 102 inches).

17. Defendants' breaches of duty and violations of statutes proximately caused the accident and the resulting severe injuries and damages.

## H. DAMAGES

18. As a result of the negligence of the Defendant, Plaintiff has suffered damages which include but are not limited to the following:

    a.    Past medical expenses;

    b.    Future medical expenses;

    c.    Past lost wages;

    d.    Future lost wages and earnings capacity;

    e.    Past pain and suffering;

    f.    Future pain and suffering;

    g.    Past mental anguish;

    h.    Future mental anguish;

    I.    Disfigurement;

    j.    Scarring;

    k.    Permanent physical impairment, and

    l.    Property damage including the total loss of Plaintiff's vehicle.

## I. GROSS NEGLIGENCE - EXEMPLARY DAMAGES

19. The act of negligence and negligence per se, including statutory violation by these Defendants, indicate gross negligence on the part of Defendants, which requires the award of

exemplary damages. In this regard, Plaintiff would show that pursuant to Arkansas law, Defendants knew or ought to have known, in the light of the surrounding circumstances, that their conduct would naturally and probably result in injury and that they continued such conduct in reckless disregard of the consequences from which malice may be inferred. Alternatively, pursuant to Texas law, Defendants' actions, when viewed objectively from the standpoint of Defendants at the time of occurrence, involved an extreme degree of risk, considering the probability and magnitude of the potential harm to others, and Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of others.

### J.  CHOICE OF LAW

20. Both Defendants herein are residents of the state of Arkansas. Defendants' intended travel began in the state of Arkansas and was to end in the state of Arkansas. The initial negligence which led to the suit in question began in the state of Arkansas. Likewise, Plaintiff Joe Bill Ganaway departed from a location in the state of Arkansas on the ill-fated trip which ended with the nighttime collision with Defendants' unmarked, overwidth equipment which was unlawfully on the highway. The most significant relationship to this incident, therefore, is that with the state of Arkansas. Plaintiff therefore requests that this court apply Arkansas law to the case brought herein.

### K.  JURY DEMAND

Plaintiff demands a jury trial and tenders the appropriate fee with this Complaint.

### L.  PRAYER

For these reasons, Plaintiff asks that the Court issue citation for Defendants to appear and answer, and that Plaintiff be awarded a judgment against Defendants for the following:

    i. Judgment against the Defendants for compensatory damages jointly and

severally, for a sum within the jurisdictional limits of the Court;

ii. Exemplary damages;

iii. Pre-judgment and post-judgment interest at the maximum amount provided by law;

iv. Court costs;

iv. All other relief to which Plaintiff is justly entitled in law or equity.

Respectfully submitted,

_____
Paul Miller

Texas State Bar No.: 14056050
**MILLER, JAMES, MILLER & HORNSBY, L.L.P.**
1725 Galleria Oaks Drive
Texarkana, TX  75503
(903) 794-2711
(903) 792-1276 (Fax)

*Attorney for Plaintiff*